IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| NICHOLAS TARKINGTON, | * | |
| ADC #145954 | * | |
| Petitioner, | * | |
| | * | |
| vs. | * | No. 5:11-cv-00050-JJV |
| | * | |
| RAY HOBBS, Director, Arkansas | * | |
| Department of Correction | * | |
| | * | |
| Respondent. | * | |

**DISPOSITION**

Petitioner, Nicholas Tarkington, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2).

**I.     BACKGROUND**

Mr. Tarkington was convicted by a jury in Lonoke County, Arkansas, of two counts of rape for forcing his six-year-old daughter to have sexual intercourse with him, and forcing his four-year-old daughter to perform oral sex. *Tarkington v. State*, No. CACR 10-65, 2010 WL 2605668 (Ark. App. 2010). He was sentenced to forty years imprisonment on each count, to be served concurrently. (Doc. No. 6).

Mr. Tarkington filed a direct appeal to the Arkansas Court of Appeals arguing that he "was denied his right to confront the accusing witness face-to-face in violation of the Sixth Amendment of the United States Constitution and Article 2 § 10 of the Arkansas Constitution, the trial court made no specific findings that the denial was necessary, and the testimony of the witnesses was inherently unreliable." (Doc. No. 6, Ex. A). The State of Arkansas filed a response contending that he was not entitled to relief because he "failed to present [the Arkansas Court of Appeals] with a

record sufficient to address his claim; or, in the alternative, [he] was not deprived of his state or federal constitutional right to confront witnesses against him." (*Id*.).

On June 30, 2010, the Arkansas Court of Appeals affirmed Tarkington's conviction, finding that he failed to "bring up a record of his alleged Confrontation Clause violation." *Tarkington v. State*, No. CACR 10-65, 2010 WL 2605668 (Ark. App. 2010).  He failed to file a timely petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.  (Doc. No. 2).

Tarkington filed the instant Petition for Habeas Corpus on March 4, 2011.  (Doc. No. 2).  He set forth allegations for relief identical to his direct appeal to the Arkansas Court of Appeals, except this time he separately enumerates them.[1]  First, Mr. Tarkington contends that he was "denied his right to confront the accusing witness face-to-face in violation of the [Sixth] Amendment of the United States Constitution." (*Id*.).  Second, he states that "the trial court made no findings that denying [his] right of confrontation was to further an important public policy." (*Id*).  Lastly, he argues there was "[n]o assurances that the testimony was otherwise reliable." (*Id*.).  The Court finds that all of these arguments ultimately relate to his claim that his Confrontation Clause rights were violated.

The Respondent argued that Mr. Tarkington's Petition should be denied because his arguments are procedurally barred or meritless.  (Doc. No. 6).  Mr. Tarkington filed a Motion to Traverse (Doc. No. 9), contending that his Petition is not procedurally barred because the Arkansas Court of Appeals opinion did not contain a plain statement of procedural default.  (*Id*.).  Because the

---

[1]In Mr. Tarkington's appeal to the Arkansas Supreme Court, he listed one point on appeal – "Appellant was denied his right to confront the accusing witness face-to-face in violation of the Sixth Amendment of the United States Constitution and Article 2 § 10 of the Arkansas Constitution, the trial court made no specific findings that the denial was necessary, and the testimony of the witnesses was inherently unreliable."  (Doc. No. 6, Ex. A). For this reason, it appears the Arkansas Court of Appeals considered Mr. Tarkington to raise only one point on appeal –"For the sole point on appeal, Tarkington argues that the circuit court erred in overruling his objection that the prosecuting attorney purposely stood between Tarkington and K.T. when she testified." *Tarkington v. State*, No. CACR 10-65, 2010 WL 2605668 (Ark. App. 2010).

opinion did not "rest upon [a] state procedural default . . . the federal courts will presume there is no independent and adequate state ground, in the absence of a plain statement." (*Id*.).

## II. DISCUSSION

A federal court is precluded from considering a habeas corpus claim that a "state court has disposed of on independent and adequate non-federal grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) (citing *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002). "This rule applies whether the state law ground is substantive or procedural." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). Where the state court dismisses a habeas petitioner's claims on independent and adequate state law grounds or the petitioner has failed to fairly present his claims to the state court, the claims are procedurally defaulted, and a federal district court cannot consider them unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation or actual innocence. *Coleman*, 501 U.S. at 744, 750-51; *Prewitt v. Goeke,* 978 F.2d 1073, 1077 (8th Cir. 1992); *Reagan,* 279 F.3d at 656. "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

Mr. Tarkington argued on appeal that he was denied his constitutional right to confront the accusing witness face-to-face and the trial court made no specific findings that the denial was necessary and the testimony of the witnesses was unreliable. (Doc. No. 6). The Arkansas Court of Appeals rejected Mr. Tarkington's constitutional claim by stating:

> In the present case, Tarkington failed to bring up a record of his alleged Confrontation Clause violation. The record presented to this court fails to indicate the locations of the child witness, the prosecutor, and Tarkington. One can assume from the sidebar discussion that K.T. testified from the witness stand, Tarkington sat at counsel table, and the prosecutor stood somewhere in between. We can only infer from the sidebar colloquy that, although Tarkington may not have made eye contact with K.T., he nevertheless was situated in the courtroom where he could have viewed

her and could have heard her testify. *Smith, supra.*[2] However, the record fails to indicate to what degree Tarkington's view was obstructed. Moreover, nothing in this record or in the sidebar exchange suggests that Tarkington made a motion for the court to position him in such a way to better view the child witness during her testimony. *Small, supra.*[3] The supreme court repeatedly has stated that it is the appellant's burden to bring up a record sufficient to demonstrate that the trial court was in error, and where the appellant fails to meet its burden, we have no choice but to affirm the trial court. *Davidson v. State,* 363 Ark. 86, 210 S.W.3d 887 (2005). Thus, in light of Tarkington's failure to bring up a sufficient record, we affirm.

   The dissent appears to infer from *Craig, supra,*[4] that the trial court was required to make case-specific findings that a "denial of confrontation was necessary to protect K.T. from trauma," and Tarkington argues in his brief that the trial court failed to make specific findings required by *Craig, supra.* However, the dissent's inference presupposes that a Confrontation Clause violation actually occurred. In response, we simply note the holding of our supreme court in *Smith, supra.* Because we affirm the circuit court's ruling that Tarkington failed to establish, as an initial matter, the presence of a Confrontation Clause deprivation, we do not address the merits of Tarkington's argument on appeal.

*Tarkington v. State*, No. CACR 10-65, 2010 WL 2605668 (Ark. App. 2010).

This Court finds the Arkansas Court of Appeals' opinion dismissing Mr. Tarkington's appeal was resolved on an adequate and independent state ground, namely Mr. Tarkington's failure to bring a sufficient record before the Arkansas Court of Appeals. The Court must now determine whether Mr. Tarkington has shown cause and prejudice or a fundamental miscarriage of justice.

### A. Cause and Prejudice

Because Mr. Tarkington's claims were barred by a state procedural rule, he must show cause and prejudice or demonstrate a fundamental miscarriage of justice (actual innocence) in order to proceed in federal court on this habeas petition. *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's efforts to comply with the

---

[2] *Smith v. State*, 340 Ark. 116 (2000).

[3] *Small v. State*, 371 Ark. 244 (2007).

[4] *Maryland v. Craig*, 497 U.S. 836 (1990).

4

State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). At a minimum, a petitioner must show that something "external to [him], something that cannot be fairly attributed to him," caused the procedural default. *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir.1999) (quoting *Coleman v. Thompson*, 501 U.S. at 753).

Mr. Tarkington has failed to prove any cause or prejudice. Instead, he simply reargues the same issue he presented to the Arkansas Court of Appeals. In his Motion to Traverse, he attempts to argue that his Petition is not procedurally barred because the Arkansas Court of Appeals' record "contains no plain statement of procedural default as required by *Harris v. Reid*, 489 U.S. 255 (1989)." (Doc. No. 9). In *Harris*, the United States Supreme Court held that "the mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: '[T]he state court must actually have relied on the procedural bar as an independent basis for its disposition of the case.'" *Harris*, 489 U.S. at 261-62. This Court finds the Arkansas Court of Appeals unequivocally found that Mr. Tarkington's claims were procedurally defaulted and stated, "In the present case, Tarkington failed to bring up a record of his alleged Confrontation Clause violation. . . . Thus, in light of Tarkington's failure to bring up a sufficient record, we affirm." *Tarkington v. State*, No. CACR 10-65, 2010 WL 2605668 (Ark. App. 2010). Although Mr. Tarkington may continue to disagree with the Arkansas Court of Appeals' ruling, he has failed to show cause and prejudice.

**B.  Actual Innocence**

A federal habeas petitioner who has procedurally defaulted may be able to proceed if he establishes (1) new and *reliable* evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir.1997) (emphasis added). The "actual innocence gateway is very limited. *Id*. Few petitioners are within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Id*.

Mr. Tarkington does not argue that he is actually innocent of the charges and therefore does not invoke the miscarriage of justice exception. However, one could construe his argument that the witnesses' testimony was unreliable as an argument of actual innocence. Nevertheless, "the miscarriage of justice exception requires prisoners to present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'" *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The evidence introduced at trial, including the witnesses' testimony, provide overwhelmingly strong evidence that Mr. Tarkington is not innocent.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Mr. Tarkington's § 2254 (Doc. No. 1) is DISMISSED, and the requested relief is DENIED; and

2. All pending motions are denied as moot.

IT IS SO ORDERED this 14th day of June, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE